**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bernard Thomas Henry, Jr., | No. CV-23-00142-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Gia Bartlett-Tucker, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Bernard Thomas Henry Jr.'s Complaint (Doc. 1) and Application to Proceed in Forma Pauperis ("IFP Application") (Doc. 2). Also pending is Plaintiff's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 3) and his Motion to Hold Deposition and Secure Document (Doc. 6).

**I.      IFP Application**

A party who files an action in federal district court must generally pay a filing fee. 28 U.S.C. § 1914(a). However, indigent plaintiffs may apply for a fee waiver. 28 U.S.C. § 1915. A court must determine whether the litigant is unable to pay the filing fee before granting leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(1). Here, the Court has reviewed Plaintiff's IFP Application (Doc. 2) and, good cause appearing, will grant leave to proceed in forma pauperis.

**II.     Statutory Screening of IFP Complaint**

A district court must screen and dismiss a complaint, or any portion of a complaint, filed in forma pauperis that "is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)–(2). The district court applies the same standard that is applied to a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard does not demand "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim to relief is only plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

The Court "construe[s] *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III. Plaintiff's Complaint

This lawsuit appears to stem from two eviction proceedings against Plaintiff in the Pima County Consolidated Justice Court. (Doc. 1 at 4.) It is difficult to discern the facts, but it does seem Plaintiff alleges that the owner of the property, Cynthia Daly, and her attorney, Christopher Jeffery, committed fraud by bringing an eviction action although Plaintiff did not have a lease with Daly. (*See id.* at 4–7.) In his narrative, Plaintiff uses terms like "fraud," "libalous [sic] slander," "defimatition [sic]," "neglagent [sic] care," "biased unequal," "violated the plaintffs riight [sic] under the law be held libalous [sic]," and cites to Federal Rule of Civil Procedure 11, and 18 U.S.C. §§ 1341 (mail fraud), 941 (RICO), 1343 (wire and radio fraud). (*Id.* at 6–7.) It also appears Plaintiff is bringing this

claim in federal court on the basis of diversity jurisdiction because he lists out the residency of the parties. (*Id.* at 6.)

**IV.  Discussion**

There are a number of reasons the Court will dismiss Plaintiff's Complaint. First, the Court lacks jurisdiction to directly review state court judgments including eviction proceedings. *See Park v. Wells Fargo Bank NA*, No. CV-18-03039-PHX-SMB, 2019 WL 2212149, at *2 (D. Ariz. Jan. 11, 2019) (citing *Noel v . Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003)). Plaintiff's Complaint, in effect, seeks to appeal the final judgment on his eviction.

Second, Plaintiff has not sufficiently alleged that a federal law applies for federal question jurisdiction. As a private party, Plaintiff cannot bring a civil lawsuit alleging violations of federal criminal statutes. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (explaining that criminal provisions of Title 18 of the U.S. Code "provide no basis for civil liability" because they are prosecuted by the government in the name of the United States). Furthermore, Federal Rule of Civil Procedure 11 is inapplicable even if it did provide an independent basis for a claim because the proceedings in question did not occur in federal court and the Federal Rules of Civil Procedure were not relevant.

Third, even if the Court were to assume that Plaintiff sought to allege a state law claim under common law fraud, negligence, defamation, libel, or slander, Plaintiff has not sufficiently alleged that complete diversity exists for diversity jurisdiction. The Court has diversity jurisdiction over a civil action "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). A case may only be heard in federal court where there is complete diversity such that the [state] citizenship of each plaintiff is different from that of each defendant. *See id.*; *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). An individual's state of citizenship is determined by their domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is their place of permanent physical residence where that person resides with the intent to remain. *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986). Plaintiff states in his Complaint that he is a resident of Tucson,

Arizona and Defendants Jeffery and Edward L. Bartlett are also residents of Tucson, Arizona. (Doc. 1 at 6.) This defeats diversity.

Finally, Plaintiff's blank assertions that Defendants committed fraud, defamation, libel, slander, or negligence are not enough to survive the pleading stage. Unfortunately, devoid of context or explanation, they are precisely the threadbare declarations that prevent the Court from being able to make a reasonable inference that Plaintiff has pled a plausible claim for relief.

### V.     Leave to Amend

If the district court determines that a pleading might be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). The Court evaluates whether to permit amendment by weighing "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

The Court declines to permit Plaintiff leave to amend his Complaint. Although there is no reason to believe Plaintiff brought this action in bad faith, nor that undue delay or prejudice would result from amendment, amendment does appear to be futile given the deficiencies the Court previously outlined. Even if Plaintiff were to provide additional facts, the Court does not believe he can establish jurisdiction, and any Amended Complaint would likely be subject to dismissal.

///
///
///
///
///
///

- 4 -

**VI.  Conclusion**

Accordingly, **IT IS ORDERED** that

(1) Plaintiff's IFP Application is **GRANTED**. (Doc. 2.)

(2) Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. (Doc. 1.)

(3) Plaintiff's Motion to Allow Electronic Filing is **DENIED AS MOOT**. (Doc. 3.)

(4) Plaintiff's Motion to Hold Deposition and Secure Document is **DENIED AS MOOT**. (Doc. 6.)

Dated this 4th day of April, 2023.

_____
Honorable Raner C. Collins
Senior United States District Judge